

5 Pages

Philip Cozens, SBN# 84051
1007 7th Street, Suite 500
Sacramento, CA  95814

Telephone  (916) 443-1504
Fax (916) 443-1511
Email pcozens@aol.com

Attorneys for Plaintiff Charles Wade

08-02562-A
COMPLAINT
PLAINTIFF: CHARLES WADE
DEFENDANT: DAVID CLARK
JUDGE: HON. M. MCMANUS
RELATED CASE: 08-29554
--------------------------------
FILED 10/14/08 - 9:12 AM
CLERK. U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION      dnes
RECEIPT NO: 2-8-026107 $250.00

IN THE UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re THE BANKRUPT ESTATE OF:<br><br>DAVID CLARK,<br><br>  Debtor. | Case No.: 08-29554-A-7<br><br>Adversary Case No. |
| CHARLES WADE,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID CLARK,<br><br>  Defendant. | COMPLAINT FOR NON-DISCHARGEABILITY OF DEBT AND FOR FRAUD PURSUANT TO 11 U.S.C. 523(a)(2)(A) |

Plaintiff alleges against Defendant as follows:

1.  This Court has jurisdiction as Defendant David Clark (hereinafter referred to as "Defendant") has filed for relief in the Bankruptcy Court in the Eastern District of California, Sacramento Division in Case Number 08-29554-A-7.

2.  On the date of the filing of the petition in bankruptcy herein, Plaintiff was, and is now, a creditor of Defendant holding a claim provable in this proceeding.

3.  This complaint to the discharge of Defendant commences an adversary proceeding within the meaning of Bankruptcy Rule 7001, and is a core action pursuant to 28 U.S.C. §157(b)(2)(I).

4.  Plaintiff is a resident of the County of Sacramento.

5.  Defendant David Clark is a resident of the County of Sacramento.

6.  On January 27, 2005, Plaintiff loaned Defendant David Clark forty thousand dollars ($40,000.00).  As part of the oral agreement, Defendant Clark agreed repay Plaintiff at the maximum rate of interest within one year of date of the delivery of Plaintiff's money.

7.  In reliance on such agreement, on January 27, 2005, Plaintiff delivered a check for forty thousand dollars ($40,000.00) to Defendant Clark.

8.  On or about January 27, 2005, Defendant Clark endorsed such check and took possession of Plaintiff's forty thousand dollars.

9.  Since January 27, 2005, Defendant Clark has made no effort to repay Plaintiff forty thousand dollars or any amount or portion thereof.

10.  On August 10, 2006, Plaintiff caused his lawyer Philip Cozens to demand from Defendant Clark the repayment of such funds.  But Defendant Clark failed to make any arrangements for the repayment of such money.

11.   On April 1, 2005, Plaintiff loaned Defendant David Clark eighty thousand dollars ($80,000.00).  As part of the oral agreement, Defendant Clark agreed repay Plaintiff at the maximum rate of interest within one year of date of the delivery of Plaintiff's money.

12.   In reliance on such agreement, on April 1, 2005, Plaintiff delivered a check for eighty thousand dollars ($80,000.00) to Defendant Clark.

13.   On or about April 4, 2005, Defendant Clark endorsed such check and took possession of Plaintiff's eighty thousand dollars.

14.   Since April 1, 2005, Defendant Clark has made no effort to repay Plaintiff eighty thousand dollars or any amount or portion thereof.

15.   On August 10, 2006, Plaintiff caused his lawyer Philip Cozens to demand from Defendant Clark the repayment of such funds.  But Defendant Clark failed to make any arrangements for the repayment of such money.

16.   Defendant Clark has converted such property to his own use and has no intention of repaying Plaintiff.  At the time of such conversion, Defendant Clark knew such money belonged to Plaintiff, but maliciously and oppressively decided not to pay Plaintiff.  The acts of Defendant as stated above, provide a basis for Plaintiff to obtain a judgment for nondischargeability pursuant to 11 U.S.C. 523(a)(2) (A) in that Defendant used false pretenses, a false representation, or actual fraud other than a statement respecting Defendant's or an insider's financial condition to obtain services, money, or an extension, renewal, or refinancing of credit from Plaintiff.

## SECOND CAUSE OF ACTION

### (For Fraud)

17.   Plaintiff re-alleges the allegations contained in paragraphs one through sixteen and by this reference incorporates such allegations herein as though fully set forth.

18. On January 27, 2005, Defendant Clark promised that if Plaintiff loaned forty thousand to Defendant Clark, that Defendant Clark would repay such money with interest at the legal rate within one year of the loan.

19. At the time of making such promise, Defendant Clark secretly did not intend to repay Plaintiff and did not intend to perform on his promise.

20. Defendant Clark made the promise to repay to induce Plaintiff to rely on the promise to repay and to induce Plaintiff to lend money to Defendant Clark.

21. Plaintiff actually relied on Defendant Clark's promise to repay with interest. Such reliance was reasonable at the time.

22. Based on his reliance on Defendant Clark's promise to repay, Plaintiff loaned forty thousand dollars to Defendant Clark.

23. On April 1, 2005, Defendant Clark promised that if Plaintiff loaned eighty thousand to Defendant Clark, that Defendant Clark would repay such money with interest at the legal rate within one year of the loan.

24. At the time of making such promise, Defendant Clark secretly did not intend to repay Plaintiff and did not intend to perform on his promise.

25. Defendant Clark made the promise to repay to induce Plaintiff to rely on the promise to repay and to induce Plaintiff to lend money to Defendant Clark.

26. Plaintiff actually relied on Defendant Clark's promise to repay with interest. Such reliance was reasonable at the time.

27. Based on his reliance on Defendant Clark's promise to repay, Plaintiff loaned eighty thousand dollars to Defendant Clark.

28. As of September 29, 2006, Defendant Clark has made no effort to repay forty thousand dollars, or eighty thousand dollars or any amount of money.

29. Defendant Clark committed the act alleged herein maliciously to gain Plaintiff's money with no intention of repaying such money and with the wrongful intention of defrauding Plaintiff of his money. In addition to a judgment for the return of his money, Plaintiff is entitled to punitive damages in an amount not less than $100,000.00

30. 11. The acts of Defendant as stated above, provide a basis for Plaintiff to obtain a judgment for nondischargeability pursuant to 11 U.S.C. 523(a)(2)(A) in that Defendant used false pretenses, a false representation, or actual fraud other than a statement respecting Defendant's or an insider's financial condition to obtain services, money, or an extension, renewal, or refinancing of credit from Plaintiff.

WHEREFORE, Plaintiff prays for judgment from the court as follows:

1. For the repayment of $120,000.00 Plaintiff loaned to Defendant Clark and interest on such money;

2. For punitive and exemplary damages in an amount not less than $100,000.00

3. For costs of suit incurred herein;  and

4. For such other, further and different relief as the court deems proper.

Dated October 2, 2008                          Respectfully submitted,


                                               Philip Cozens
                                               Attorney for Plaintiff
                                               Charles Wade